**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Kuldeep Singh,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-07575-PHX-SHR

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges he entered the United States in November 2013, was detained for approximately two months, and then released on bond pending further immigration and asylum proceedings. On December 5, 2016, an Immigration Judge "administratively closed Petitioner's case upon the joint request of both parties based on prosecutorial discretion." (Doc. 1 at 8.) On May 24, 2022, the Department of Homeland Security moved to terminate removal proceedings and an Immigration Judge granted the termination. (*Id.*) No final order of removal has been entered against Petitioner. Petitioner asserts he has complied with the conditions of his release since 2014, maintained his address, appeared at scheduled immigration court hearings, and "never incurred any criminal charges, arrests, or convictions of any kind." (*Id.* at 7.) On September 22, 2026, Petitioner was re-detained and has been held since without a bond hearing. Petitioner alleges the re-detention violates his Fifth Amendment rights and seeks immediate release.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and therefore Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 7.)

This Court has previously determined non-citizens, like Petitioner, who have been initially detained, released from custody, and subsequently re-detained, do not have a constitutional right to a pre-deprivation hearing before such re-detention. *See, e.g.*, *Singh v. Unknown Party*, No. CV-26-01685-PHX-DWL (JFM), 2026 WL 1839137, at *2 (D. Ariz. June 26, 2026) (applying factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding, while non-citizens detained under 8 U.S.C. § 1226 have a liberty interest in their continued liberty, the balance of the factors ultimately favored respondents). As such, the Court will deny Petitioner's request for immediate release based on violation of his Fifth Amendment rights. Nevertheless, the Court will grant Petitioner's request for relief in the form of a post-detention bond hearing based on Respondent's concession Petitioner is entitled to such a hearing. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for a bond hearing. Respondents shall conduct a full, individualized bond hearing within forty-eight (48) hours before a neutral immigration judge, at which the government shall bear the burden of justifying continued detention. The remainder of the Petition is denied.

(2) Respondents must file a notice of compliance within **seven days** of this Order.

(3) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of October, 2026.

Honorable Scott H. Rash
United States District Judge